CALABRIA, Judge, dissenting.
The majority holds that the trial court did not err in concluding plaintiff defaulted under the rental payment terms of the lease and amendment. I respectfully dissent.
Where a trial court sitting without a jury enters a declaratory judgment, the trial court's findings of fact are reversible on appeal if not supported by competent evidence. Miesch v. Ocean Dunes Homeowners Assn., 120 N.C.App. 559, 562, 464 S.E.2d 64, 67 (1995). The trial court's finding of fact, that the lease and amendment limited the expenses deductible from the rent calculation to those expenses physically incurred on the premises, is not supported by competent evidence.
The majority holds there is competent evidence to support the trial court's finding of fact that the language in the lease, "less all expenses before taxes of Lessee in operating the restaurant on the Premises," evidences the parties' intent to limit the expenses used in the rent calculation to those expenses physically incurred on the restaurant's premises. However, the language "on the Premises" more specifically denominates the restaurant, not where the expenses must be physically incurred to be deductible for the rent calculation.
The parties' original lease based the calculation of the monthly rent to be paid by plaintiff on his net taxable income. The original lease agreement provided that plaintiff's maximum annual rent was 10.875% of defendant's cost of the improvements to construct the restaurant, yielding a maximum monthly rent of $10,650.00. If the amount of plaintiff's net taxable income was less than the maximum annual rent, rent would equal plaintiff's net taxable income, without any specified minimum. Plaintiff paid rent on a monthly basis in equal amounts based on the projected annual net taxable income with an adjustment at the end of each year to conform the amount paid to the amount due.
A few months into the lease, the parties realized that plaintiff's deductible depreciation and amortization for the new restaurant would significantly reduce plaintiff's net taxable income, reducing the amount of rent due under the lease agreement. Although under no obligation to do so, plaintiff agreed to amend the lease to increase the rent due by basing the rent calculation on "net operating income exclusive of any amortization, depreciation, or other standard adjustments normally deducted from net operating income to achieve taxable income." "Net taxable income" and "net operating income" are trade usages in the accounting industry defined in the Internal Revenue Code. "When interpreting private contracts ..., a court must give effect to any trade usage and special definitions of terms understood by both parties, as it is such understanding of the parties that defines the contract, its scope and its enforceability." Turlington v. McLeod, 323 N.C. 591, 597, 374 S.E.2d 394, 398 (1988). The language "normally deducted" also implies that the Internal Revenue Code defines the taxation terms in the provision. Nothing intimates that the parties agreed on any standard other than the Internal Revenue Code, and the trial court should not have construed the contract as more restrictive than the Internal Revenue Code. Defendant's insinuation that the lease agreement contemplated tax fraud is likewise unavailing, because if this interpretation was accepted, the agreement would be rendered unenforceable as an illegal contract. See Lamm v. Crumpler, 242 N.C. 438, 442-43, 88 S.E.2d 83, 86-87 (1955) (stating that an illegal contract is unenforceable).
Other provisions in the lease agreement indicate that the expenses deductible for the purpose of the rent calculation were not limited to those expenses physically incurred on the premises. For example, the lease specifically included a supervisory fee to D & D Management as a deductible expense within the definition of expenses in operating the restaurant on the premises. This further indicates that the parties mutually understood plaintiff would deduct professional fees not incurred on the physical premises as expenses for the purpose of rent calculation. Nothing in the lease prohibits plaintiff from deducting expenses for additional professional fees, accounting or otherwise. Surely, the parties' lease agreement was not intended to cultivate inefficiency by encouraging plaintiff to occupy the restaurant's premises with professionals, whose work benefitted the restaurant's financial viability, but not the day-to-day service of its customers. Adopting defendant's interpretation of "on the Premises" would, if taken to its logical extreme, allow plaintiff to deduct expenses for professional services rendered within or upon the restaurant's premises, while excluding the same expenses if rendered offsite. If the parties intended to exclude other professional fees not physically incurred on the premises, the lease should have more logically used the phrase "on the Premises" to designate "expenses" instead of "restaurant," for example, "less all expenses on the Premises before taxes of Lessee in operating the restaurant." Moreover, to the extent defendant drafted the lease, any ambiguity in the lease should be construed against defendant. See Silvers v. Horace Mann Ins. Co., 324 N.C. 289, 295, 378 S.E.2d 21, 25 (1989) (stating that as with "all contracts, [ambiguities in] insurance contracts must be construed against the drafter").
The parties are sophisticated businesspeople and must suffer the losses resulting from the risks apportioned to each by the parties' bargain. Plaintiff voluntarily amended the agreement for defendant's benefit. Based on the language incorporated in the lease agreement and amendment, the circumstances surrounding the lease agreement and amendment, and the problems associated with defendant's proffered interpretation of "on the Premises," I would hold that the trial court lacked competent evidence to find that the lease and amendment limited the expenses deductible from the rent calculation to those expenses physically incurred on the premises. Defendant's arguments to the trial court and on appeal attempt to reallocate risk to plaintiff that defendant accepted in the lease agreement and amendment. Such a rewriting of the contract is not properly within the province of the judiciary, and I would reverse the trial court's entry of declaratory judgment for defendant and remand for further proceedings.